UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES

       Plaintiff,

v.                                                                                    Case No. 97-81440

GEORGE BLAIR,                                                    Honorable Patrick J. Duggan

       Defendant.
_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTION TO VACATE JUDGMENT OF HABEAS CORPUS PURSUANT TO RULE 60(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE TO THE COURT OF APPEALS**

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on May 4, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                        U.S. DISTRICT COURT JUDGE

Defendant moves this Court pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure for an order vacating its denial of Defendant's motion to vacate judgment.

Following a bench trial in 1998, Defendant was found guilty of five counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Defendant to 240 months of imprisonment on counts 1

1

and 5, and to 262 months of imprisonment on counts 2, 3, and 4. The Sixth Circuit subsequently affirmed Defendant's conviction and sentence. *United States v. Blair*, 214 F.3d 690 (6th Cir. 2000). The Supreme Court denied Defendant's application for certiori. *United States v. Blair*, 531 U.S. 880, 121 S. Ct. 191 (2000).

On March 16, 2001, Defendant filed a motion pursuant to 28 U.S.C. § 2255, which this Court denied on August 7, 2001. Defendant filed a motion for reconsideration, which this Court also denied on August 23, 2001. Defendant filed a second motion for reconsideration, which this Court denied on October 5, 2001. Approximately one week later, Defendant filed two petitions entitled "Petition Pursuant to Title 28 Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Fact" in which he challenged his conviction in light of *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978). The Court denied both petitions on October 18, 2001.

On December 11, 2002, the Sixth Circuit Court of Appeals affirmed this Court's denial of Defendant's § 2255 motion in an unpublished opinion. *Blair v. United States*, Case No. 01-2149 (6th Cir. December 11, 2002). Defendant then sought authorization from the Sixth Circuit to file a second or successive motion to vacate sentence under 28 U.S.C. § 2255. The Sixth Circuit denied Defendant's request. *In re Blair*, No. 03-2008 (6th Cir. December 17, 2003)(amended January 9, 2004). On March 23, 2005, Defendant filed the pending motion.

Contrary to the Government's assertion, in some instances, Rule 60(b)(6) of the Federal Rules of Civil Procedure may govern a defendant's challenge to a habeas

2

decision.[1]  As the Sixth Circuit set forth in *Abdur'Rahman v. Bell*, where "'the motion's factual predicate deals primarily with some irregularity or procedural defect in the procurement of the judgment denying habeas relief,' then it should be treated within the usual standards governing Rule 60(b) relief." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005)(quoting *Abdur'Rahman*, 392 F.3d at 181).  In comparison, "'[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying . . . conviction or sentence,' the motion should be treated as a second or successive [habeas] petition." *Id.*  The government is correct, however, that Defendant's claim for relief in his pending motion is based on a "factual predicate [that] deals primarily with the constitutionality of [his] underlying conviction or sentence."

Defendant asks the Court to vacate its previous denial of his § 2255 motion based on intervening Supreme Court and Sixth Circuit law that renders his sentence unconstitutional.  Specifically, Defendant contends that the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531 (2004), and *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), renders his sentence unconstitutional as this Court determined the type of drug and drug quantity involved in determining his sentence.  The Court therefore treats Defendant's pending motion as a second or successive habeas petition.  As a result, the Court concludes that it lacks jurisdiction to

---

[1]The Government argues that the Federal Rules of Civil Procedure govern suits of a civil nature only and, since the instant matter is a criminal case, those rules do not govern.  Rule 12 of the Rules Governing Section 2255 Proceedings provides, however, that "[t]he Federal Rules of Civil Procedure . . ., to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

consider Defendant's requested relief and that his motion must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See* 28 U.S.C. §§ 2244(d)(3) & 2255 and Rule 9 of the Rules Governing Section 2255 Proceedings (requiring a petitioner to obtain authorization from the court of appeals before a second or successive habeas application can be filed in the district court); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(stating that a district court must transfer a second or successive petition to the court of appeals pursuant to 28 U.S.C. § 1631).

Accordingly,

**IT IS ORDERED**, that the Clerk of the Court **SHALL TRANSFER** Petitioner's motion to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

 s/PATRICK J. DUGGAN
 UNITED STATES DISTRICT JUDGE

Copies to:
George Blair
#01065-190
FCI Elkton
PO Box 10
Lisbon, Ohio 44432


AUSA Karl Overman

4