UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES

        Plaintiff,

v.                                                                          Case No. 97-81440

GEORGE BLAIR,                                         Honorable Patrick J. Duggan

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE PURSUANT TO 18 U.S.C. § 3742(a)(1)(2), RULE 52(b) AND/OR 18 U.S.C. § 3582(B)(2)

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on April 26, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Defendant George Blair ("Blair") filed this motion on April 7, 2006, seeking the correction of his sentence in light of the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Because Blair previously moved to correct his sentence in light of *Blakely* and *Booker* in a motion which this Court construed as a second or successive habeas petition and therefore transferred to the Sixth Circuit Court of Appeals and because the Sixth Circuit concluded that Blair was not entitled to relief, this Court

1

concludes that Blair's pending motion must be denied. Moreover, Blair's request for relief pursuant to 18 U.S.C. §§ 3742(a)(1)(2) and 3582(B)(2) and Rule 52(b) of the Federal Rules of Civil Procedure is untimely.[1]

Following a bench trial in 1998, Blair was found guilty of five counts of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). This Court sentenced Blair to 240 months of imprisonment on counts 1 and 5, and to 262 months of imprisonment on counts 2, 3, and 4. The Sixth Circuit subsequently affirmed Blair's conviction and sentence. *United States v. Blair*, 214 F.3d 690 (6th Cir. 2000). The Supreme Court denied Blair's application for certiori. *United States v. Blair*, 531 U.S. 880, 121 S. Ct. 191 (2000).

On March 16, 2001, Blair filed a motion pursuant to 28 U.S.C. § 2255, which this Court denied on August 7, 2001. Blair filed a motion for reconsideration, which this Court also denied on August 23, 2001. Blair filed a second motion for reconsideration, which this Court denied on October 5, 2001. Approximately one week later, Blair filed two petitions entitled "Petition Pursuant to Title 28 Federal Rules of Evidence Rule 201 Judicial Notice of Adjudicative Fact" in which he challenged his conviction in light of *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978). The Court denied both petitions on October 18, 2001.

On December 11, 2002, the Sixth Circuit affirmed this Court's denial of Blair's

---

[1] Blair refers to Rule 52(b) of the Federal Rules of Criminal Procedure, although the Court assumes he means the Rules of Civil Procedure because Rule 52(b) of the criminal rules does not provide a source of relief but Rule 52(b) of the civil rules addresses relief from judgment. In any event, whether Blair is referring to the criminal or civil rules, he is not entitled to relief.

Section 2255 motion in an unpublished opinion. *Blair v. United States*, Case No. 01-2149 (6th Cir. December 11, 2002). Blair then sought authorization from the Sixth Circuit to file a second or successive motion to vacate sentence under Section 2255. The Sixth Circuit denied Blair's request. *In re Blair*, No. 03-2008 (6th Cir. December 17, 2003)(amended January 9, 2004).

On March 23, 2005, Blair filed a motion to vacate judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. In his motion, Blair asked the Court to reconsider the constitutionality of his sentence in light of *Blakely* and *Booker*. Although filed as a Rule 60(b)(6) motion, this Court construed Blair's motion as a second or successive habeas petition, concluded that the district court lacked jurisdiction to consider Blair's requested relief, and transferred the motion to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *United States v. Blair*, No. 97-81440, 5/4/05 Op. and Order. On January 26, 2006, the Sixth Circuit issued an order denying Blair's motion. *In re Blair*, Case No. 05-1787 (6th Cir. Jan. 26, 2006). The Sixth Circuit held:

> Blair is not entitled to the relief he seeks because his motion does not meet the requirements of §§ 2244(b) and 2255. Blair does not argue that his claim is based on newly discovered evidence. Similarly, Blair's motion involves no previously unavailable rule of constitutional law made retroactive to cases on collateral review . . .

*Id*.

Attempting to skirt the Sixth Circuit's holding, Blair filed the pending motion disguised as a motion pursuant to 18 U.S.C. §§ 3742 and 3582 and Rule 52(b). Blair seeks the same relief, based on the same Supreme Court decisions, as his March 23, 2005

3

motion. As the Sixth Circuit already held, when it ruled on Blair's prior motion, that he is not entitled to relief, this Court believes that it would be a waste of judicial resources to construe the pending motion as another second or successive habeas petition– although it truly is– and transfer the motion to the Sixth Circuit.

Accordingly,

**IT IS ORDERED**, that Blair's Motion to Correct an Illegal Sentence Pursuant to 18 U.S.C. § 3742(a)(1)(2), Rule 52(b), and/or 18 U.S.C. § 3582(B)(2) is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
George Blair
#01065-190
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432

AUSA Karl Overman