UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                            Criminal Case No. 97-81440-1
                                                                 Honorable Patrick J. Duggan

GEORGE BLAIR,

        Defendant.
_____/

**OPINION AND ORDER TRANSFERRING DEFENDANT'S MOTION FOR A CORRECTION OF AN ILLEGAL SENTENCE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 1631 AND GRANTING DEFENDANT'S MOTION TO AMEND**

        This matter is presently before the Court on Defendant George Blair's "Motion for a Correction of an Illegal Sentencing [sic] Pursuant to Federal Rule of Civil Procedure 60(b)(6) or 18 U.S.C. § 2255 Habeas Corpus," filed May 17, 2011.  Defendant filed a "Motion to Amend Pleading Pursuant to Rule 15(a)(1)" on June 2, 2011, in which he seeks to amend his initial motion to cite case law supporting retroactive application of the decisions cited.  At the Court's request, the Government filed a response to the motion on June 14, 2011.  For the reasons that follow, the Court grants Defendant's motion to amend and transfers his motion for a correction of his sentence to the United States Court of Appeals for the Sixth Circuit.

        In February 1998, following a bench trial, Defendant was convicted of five counts of possession with intent to distribute controlled substances.  At his sentencing in

September 1998, Defendant was held accountable for 49 grams of heroin and 357 grams of crack cocaine or a total of 7,189 kilograms of "marijuana equivalents." This resulted in a recommended guidelines range of 262-327 months under the United States Sentencing Guidelines. The Court imposed a sentence of 262 months. The Sixth Circuit affirmed Defendant's conviction and sentence on direct appeal and the Supreme Court subsequently denied his petition for a writ of certiorari. *United States v. Blair*, 214 F.3d 690 (6th Cir.), *cert. denied* 531 U.S. 880, 121 S. Ct. 191 (2000).

On March 16, 2001, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Among other grounds for relief, Defendant challenged his sentence based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). This Court denied Defendant's motion on August 7, 2001, and his subsequently filed motion for reconsideration on August 23, 2001. The Sixth Circuit Court of Appeals affirmed this Court's decisions on December 11, 2002. *Blair v. United States*, 53 Fed. App'x 746 (6th Cir. 2002).

Defendant thereafter sought authorization from the Sixth Circuit to file a second or successive motion to vacate sentence under § 2255. The Sixth Circuit denied Defendant's request. *In re Blair*, No. 03-2008 (6th Cir. Dec. 17, 2003) (amended Jan. 9, 2004).

On March 23, 2005, Defendant filed a "Motion to Vacate Judgment of Habeas Corpus Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure." In his motion, Defendant asked the Court to vacate its previous denial of his § 2255 motion based on the Supreme Court's intervening decisions in *Blakely v. Washington*, 542 U.S.

<sub>
</sub>
<sup>
</sup>

296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct 738 (2005). Finding that Defendant's motion primarily addressed the constitutionality of his underlying sentence, the Court concluded in an opinion and order entered May 4, 2005, that the motion had to be treated as a second or successive habeas petition. The Court therefore further concluded that it lacked jurisdiction to consider Defendant's requested relief and that the motion had to be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. The Sixth Circuit subsequently denied Defendant's request for an order directing the district court to consider his second or successive § 2255 motion. *In re George Blair*, No. 05-1787 (6th Cir. Jan. 26, 2005) (unpublished).

Undeterred, on April 7, 2006, Defendant filed yet another motion seeking the correction of his sentence based on *Blakely* and *Booker*. In an April 26, 2006 decision, this Court denied the motion citing the Sixth Circuit's previous denial of his request for authorization to file a second or successive § 2255 motion based on the same authority. The Sixth Circuit affirmed this decision and the Supreme Court denied Defendant's petition for a writ of certiorari. *United States v. Blair*, No. 06-1683 (6th Cir. Dec. 8, 2006), *cert. denied*, 502 U.S. 906, 128 S. Ct. 238 (2007).

Defendant experienced some relief as a result of subsequent amendments to the sentencing guidelines retroactively reducing the offense level for cocaine base. As a result of those amendments, on May 22, 2009, the parties stipulated that Defendant met the criteria for a reduction in his sentence pursuant to the amendments. The parties further stipulated that Defendant was eligible for a two-level reduction in his base offense

level pursuant to the amendments. This reduced Defendant's applicable guideline range to 210 to 262 months. On May 28, 2009, this Court re-sentenced Defendant to 210 months.

On October 30, 2009, Defendant filed a motion to reduce his sentence further pursuant to 18 U.S.C. § 3582(c)(2). Defendant relied on pending federal legislation in support of his motion, as well as cases decided after the Supreme Court issued its decision in *Booker*, in which the courts disregarded the crack cocaine guidelines and sentenced the defendants as if they were convicted of powder cocaine offenses: *United States v. Lewis*, 623 F. Supp. 2d 42 (D.D.C. 2009); *United States v. Gully*, 610 F. Supp. 2d 633 (N.D. Iowa 2009). Finding that neither authority supported a further reduction in Defendant's sentence, the Court denied his motion on December 17, 2009.

At last the Court reaches Defendant's present motion, where he again asserts *Apprendi* to challenge his sentence. The factual predicate of Defendant's motion "deals primarily with the constitutionality of the underlying . . . sentence." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005). As this Court has held before, even when couched as a Rule 60(b) motion, the motion therefore constitutes a second or successive motion under § 2255. (*See* Doc. 172 at 3-4.) As such, this Court lacks jurisdiction to consider Defendant's requested relief and the motion must be transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *See* 28 U.S.C. § 2255(h) and Rule 9 of the Rules Governing Section 2255 Proceedings.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Amend Pleading (Doc. 220) is **GRANTED**;

**IT IS FURTHER ORDERED**, that the Clerk of the Court **SHALL TRANSFER** Petitioner's Motion for a Correction of an Illegal Sentenc[e] (Doc. 218) to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:  

PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
George Blair, No. 01065-190  
FCI Beckley  
P.O. Box 350  
Beaver, WV   25813  

AUSA Patricia Gaedeke